HENRY CONGAR v. ANN BRADY.

Submitted March 28, 1898—Decided February 20, 1899.

An action will not lie against the heirs of a deceased devisee to recover debts or obligations incurred by the devisor.

On contract.   On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff, *William R. Weeks.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff seeks by this suit to recover from the defendant the amounts due upon four bonds held by him and made by one John O'Sullivan, in his lifetime. The bonds each bind the "heirs, executors and administrators" of the obligor, in the usual form.

The declaration shows that the bonds are due and altogether unpaid; that John O'Sullivan is dead; that he died testate, seized of certain lands which he devised to one Mary O'Sullivan; that subsequently Mary O'Sullivan died intestate, seized of said lands; that upon her death they descended to her heirs-at-law, one of whom was the defendant, Ann Brady, and that the other heirs have quitclaimed their interests to her.

The question presented for decision by the demurrer is whether the defendant, by inheriting from Mary O'Sullivan a part of the lands which were devised to the latter by John O'Sullivan, became chargeable with the payment of his obligations to the extent of the value of the lands descended.

By the common law the lands of a deceased debtor passed to his heirs or devisees, free from the encumbrance of his

debts or obligations, and no personal responsibility was incurred by the reception of such lands unless the debtor had executed an obligation by which he specially bound his heirs. And even the obligation of such specialties was limited to the debtor's heirs and did not extend to his devisees, much less did it extend to the heirs of such devisees. *New Jersey Insurance Co.* v. *Meeker,* 8 *Vroom* 282, 296. The liability of the defendant, therefore, if it exists, must be found in our "Act for the relief of creditors against heirs and devisees." *Gen. Stat., p.* 1679.

But an examination of that statute will at once disclose that, although it makes the devisee of a deceased debtor liable for his debts, no action is given against any successor to the title of such devisee. The right of action is not given for the purpose of creating and enforcing a lien upon the lands devised. It is not the land but the devisee who is made liable for the indebtedness. That liability is purely personal and survives, *if at all,* not against the heirs but against the executors and administrators of the devisee upon his decease. The statute no more provides for a survival of the action against his heirs and devisees than it does against his alienees by deed.

The decision of this court in the case of *St. Mary's Church* v. *Wallace,* 5 *Halst.* 311, is not opposed to the views which we have expressed. In that case it was held that the liability of the *heir* of a deceased obligor upon the bond of his ancestor extended to the heirs of such heir provided lands of the original debtor had descended to them upon the death of the first taker. But this result arises from the fact that the latter are not only the heirs of their immediate ancestor but also of the deceased obligor, and so are just as much bound, both by the very terms of the specialty and by the very words of our statute, as is he upon whom the lands first descended.

The defendant is entitled to judgment upon the demurrer.